IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DREKIAN DOWDELL, #304643, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-772-MHT |
| ) | |
| OFFICERS BRUCE and GILES, et al.,[1] ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[2]

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by Drekian Dowdell, a state inmate incarcerated at the Bullock Correctional Facility. In the instant case, Dowdell alleges that the defendants imposed a disciplinary against him for unauthorized possession of a cell phone based on false information. Doc. No. 1 at 2.[3] He also complains that the defendants violated his constitutional rights when they conducted the search which resulted in the disciplinary action. Doc. No. 42 at 4. Dowdell seeks only declarative and injunctive relief for the

---

[1] Dowdell lists Officer Jiles as a defendant. However, the correct name for this defendant is Officer Giles. In the interest of clarity and for purposes of this Recommendation, the court will refer to this defendant by his correct name.

[2] All documents and attendant page numbers cited herein are those assigned by the Clerk in the docketing process.

[3] The alleged disciplinary infraction occurred on August 15, 2016 during a search of Bullock by members of a Certified Emergency Response Team. The disciplinary hearing on the charged offense was conducted on September 5, 2016. Exh. D to the Defendants' Special Report – Doc. No. 19-4 at 3.

alleged violations of his constitutional rights, including expungement of the disciplinary. Doc. No. 42 at 5.

The defendants filed an answer, special report, supplemental special report and supporting evidentiary materials, including affidavits and certified prison records, addressing Dowdell's claims for relief. In these documents, the defendants deny violating Dowdell's constitutional rights.

After receipt of the defendants' special reports, the court issued orders directing Dowdell to file a response to the reports, including affidavits or statements made under penalty of perjury and other evidentiary materials. Order of December 5, 2017 – Doc. No. 54. This most recent order specifically cautioned the parties that "**unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response] and **without further notice to the parties** (1) treat the special report[s] and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." Doc. No. 54 at 3. Dowdell failed to file a response to this order within the time required by the court.

Pursuant to the directives of the order entered on December 5, 2017, the court deems it appropriate to treat the defendants' reports as a motion for summary judgment and concludes that summary judgment is due to be granted in favor of the defendants.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Rule 56(a), Fed.R.Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[4]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [now dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williamson Oil Company, Inc. v. Phillip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003) (moving party bears the initial burden of establishing there is no genuine dispute as to any material fact); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (same).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by demonstrating that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which

---

[4]Although Rule 56 underwent stylistic changes in 2010, the revision of "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Despite these changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-324; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (the moving party discharges his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial).

When the defendants meet their evidentiary burden, as they have in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb*

4

*County*, 495 F.3d 1306, 1313 (11th Cir. 2007). In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).

To proceed beyond the summary judgment stage, an inmate-plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (holding grant of summary judgment appropriate where inmate produces nothing beyond

"his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists). At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists." *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue,*

*Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  "[T]here must exist a conflict in substantial evidence to pose a jury question."  *Hall v. Sunjoy Indus. Group, Inc.*, 764 F.Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing *Anderson*, *supra*).

     To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To

7

establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Dowdell's pro se status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of all the evidence contained in the record. After such review, the court finds that Dowdell has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

### III. DISCUSSION

Dowdell challenges the constitutionality of the search undertaken by defendant Bruce which resulted in Bruce finding a cell phone on the bed Dowdell chose to occupy as his own. Doc. No. 42 at 4. Dowdell also alleges that defendant Bruce lodged a disciplinary against him for unauthorized possession of a cell phone based on false information. Doc.

No. 1 at 4. He further asserts that defendant Giles, the disciplinary hearing officer, relied on this false information in finding him guilty of the charged offense. Doc. No. 1 at 4-5. Although Dowdell alleges he lost no good time as a result of this disciplinary due to the warden restoring all good time the hearing officer recommended be taken from him, i.e., 3 months and 17 days, the disciplinary record refutes this assertion and establishes that the warden imposed the loss of one month of good time. Doc. No. 19-4 at 4.

Dowdell's claims challenging the validity of the search and the disciplinary action taken against him for unauthorized possession of a cell phone confiscated during the search are barred from review by this court because success on these claims would invalidate the disciplinary imposed upon Dowdell and the loss of good time associated with the disciplinary action. *Muhammad v. Close*, 540 U.S. 749, 754-755 (2004); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or imprisonment is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or [term of confinement]." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the validity of his incarceration "even though such a claim may come within the literal terms of § 1983" and,

based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court extended the holding in *Heck* and held that it bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits." 520 U.S. at 646. Specifically, the Court determined that a state prisoner's "claim for declaratory [or injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits], is not cognizable under § 1983" unless the prisoner demonstrates that the challenged action has previously been invalidated. *Balisok*, 520 U.S. at 648; *Muhmmad*, 540 U.S. at 754 (Where action taken in prison disciplinary proceedings impacted the duration of an inmate's confinement, the holding of *Heck* is applicable if the claims on which the inmate seeks relief would necessarily imply the invalidity of the disciplinary determination.); *Davis v. Hodges*, 481 F. App'x 553, 554 (11th Cir. 2012) ("*Heck* . . . applies [in cases which either directly or indirectly involve] prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement."); *Richards v. Dickens*, 411 F. App'x 276, 278-279 (11th Cir. 2011) (holding that where claims on which plaintiff seeks relief and subsequent prison disciplinary action related to such claims are contradictory, "[a]bsent expungement or invalidation of [the] disciplinary action[], [the prisoner's] claims are barred by *Heck*. . . .

10

[T]he relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits."); *Balisok*, 520 U.S. at 645 (Regardless of whether the inmate seeks declaratory, injunctive or monetary relief, when "the nature of the challenge . . . could be such as necessarily to imply the invalidity of [a standing disciplinary] judgment" which impacted the length of incarceration, the plaintiff may not proceed in a § 1983 action.). The law is well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

     Dowdell maintains that the defendants violated his constitutional rights with respect to the search underlying his disciplinary action for unauthorized possession of a cell phone and during the disciplinary proceedings related to this charge. Specifically, Dowdell challenges the search as violative of his Fourth Amendment rights and complains that the charge lodged against him and finding of guilt are based on false information as he did not commit the offense. A judgment in favor of Dowdell on his claims will necessarily imply the invalidity of the disciplinary entered against him which resulted in his loss of good time. The pleadings filed by the parties establish that the challenged disciplinary judgment has not been expunged or invalidated in an appropriate proceeding. "Absent expungement or invalidation of [the] disciplinary action[], [Dowdell's] claims are barred by *Heck*."

*Richards*, 411 F. App'x. at 278.  Summary judgment is therefore due to be granted in favor of the defendants.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  The plaintiff's claims be DISMISSED without prejudice as they are currently barred from review by *Heck* and its progeny.

3.  This case be DISMISSED.

4.  No costs be taxed herein.

On or before **February 8, 2018** the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of January, 2018.

                      /s/   Wallace Capel, Jr.
                CHIEF UNITED STATES MAGISTRATE JUDGE